# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA

PRIORITY RECORDS LLC, a California )
limited liability company; ARISTA )
RECORDS LLC, a Delaware limited liability )
company; ATLANTIC RECORDING )
CORPORATION, a Delaware corporation; )
BMG MUSIC, a New York general )   **CIVIL ACTION**
partnership; CAPITOL RECORDS, INC., a )   **CASE NO. 07-1286-JTM-DWB**
Delaware corporation; ELEKTRA )
ENTERTAINMENT GROUP INC., a )
Delaware corporation; EMI CHRISTIAN )
MUSIC GROUP INC., a California )
corporation; FONOVISA, INC., a California )
corporation; INTERSCOPE RECORDS, a )
California general partnership; MAVERICK )
RECORDING COMPANY, a California joint )
venture; MOTOWN RECORD COMPANY, )
L.P., a California limited partnership; SONY )
BMG MUSIC ENTERTAINMENT, a )
Delaware general partnership; UMG )
RECORDINGS, INC., a Delaware )
corporation; VIRGIN RECORDS AMERICA, )
INC., a California corporation; WARNER )
BROS. RECORDS INC., a Delaware )
corporation; ZOMBA RECORDING LLC, a )
Delaware limited liability company; and )
LAFACE RECORDS LLC, a Delaware )
limited liability company, )
)
　　　　　　　　　Plaintiffs, )
)
v.

DOES 1 – 22,

　　　　　　　　　Defendants.


## ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE
## TO TAKE IMMEDIATE DISCOVERY

　　　　Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery (Doc.

4), the Declaration of Carlos Linares, and the accompanying Memorandum of Law (Doc 5), it is

hereby:

　　　　ORDERED that Plaintiffs may serve immediate discovery on Wichita State University to

obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents

that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure of this information by an educational agency or institution such as Wichita State University is authorized when furnished in compliance with judicial order or pursuant to any lawfully issued subpoena, under the provisions of 20 U.S.C. § 1232g(b)(2)(B).

IT IS FURTHER ORDERED THAT

1.   any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act;

2.   Plaintiffs shall serve a copy of this Order with the subpoenas authorized by this Order; and

3.   If Wichita State University wishes to serve written objections to producing the requested materials, or wishes to move to quash the subpoena, it shall do so within the time provided in Fed. R. Civ. P. 45(c).

4.   If an objection is filed to the subpoenas, Plaintiffs shall not be entitled to inspect or copy the requested documents except pursuant to an order of the Court, and any motion by Plaintiffs to compel such production shall be made within the time provided by D. Kan. Rule 37.1(b) and after the parties have conferred about the objection in compliance with D. Kan. Rule 37.2.

5.   In an objection is filed to the subpoenas, Wichita State University shall take steps necessary to retain the availability of subpoenaed materials pending the resolution of any motion to compel or motion to quash the subpoenas.

DATED: September 25, 2007                          s/   DONALD W. BOSTWICK
                                          UNITED STATES MAGISTRATE JUDGE